UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TOMAS LORENZO-PEREZ,

               Petitioner,

v.                                          Case No. 5:05-cv-309-Oc-10GRJ

UNITED STATES OF AMERICA,

               Respondent.

_____

## <u>ORDER OF DISMISSAL</u>

This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging a conviction and sentence imposed in the United States District Court for the District of Puerto Rico.  Petitioner asserts that this case should be transferred to that court.

In the Petition, the Petitioner attacks the validity of his sentence rather than the means of execution.  A review of the docket for the District of Puerto Rico reflects that Petitioner was denied relief under 28 U.S.C. § 2255 in the sentencing court.  Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition.  <u>See</u>  28 U.S.C. § 2255.  However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this one "shall not be entertained if it appears

Dockets.Justia.com

that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Petitioner argues that his claims are based on <u>Castillo v. United States</u>, 530 U.S. 120 (2000), <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005), and that he was denied the effective assistance of counsel in several respects.  To the extent that the Petition may be liberally construed as suggesting that Petitioner is entitled to relief under the § 2255 "savings clause,"[1] his arguments are unavailing.  <u>Castillo</u> and <u>Apprendi</u> were decided prior to Petitioner's filing of his § 2255 motion, and thus § 2255 provided an adequate means of asserting those claims.[2]  Further, it is the law of this circuit that  an <u>Apprendi</u> - <u>Blakely</u> - <u>Booker</u> claim is unavailable retroactively to cases pending on collateral review, and a successful savings-clause claim must be based on a retroactively applicable Supreme Court decision.[3]  Accordingly, the Petition is **DISMISSED with**

---

[1] The § 2255 savings clause permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."

[2] <u>Castillo</u> and <u>Apprendi</u> were decided in 2000; the docket for Petitioner's § 2255 proceeding reflects that he filed his motion on January 11, 2002.  <u>See</u> docket for case number 3:02-cv-01046-SEC (D. P.R.).

[3] <u>See</u> <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005); <u>Wofford v. Scott</u>, 177 F.3d 1236, 1238 (11th Cir. 1999).

**prejudice** and the Clerk is directed to enter judgment and close this case.

  **IT IS SO ORDERED.**

  **DONE AND ORDERED** at  Ocala, Florida, this 14th day of July 2005.

_____
**UNITED STATES DISTRICT JUDGE**

c:Tomas Lorenzo-Perez